UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
REGINALD MCFADDEN,

                               Plaintiff,                     9:05-CV-1235
      v.                                                                     (NAM)(DRH)

ANTHONY ANNUCCI, *et al.*,

                               Defendant.
--------------------------------------------------------------------------
APPEARANCES:

REGINALD MCFADDEN
Plaintiff, *pro se*

NORMAN A. MORDUE, U.S. DISTRICT JUDGE

**<u>ORDER</u>**

**I.    Background.**

The Clerk has sent Plaintiff's Complaint to the Court for its review. Docket No. 1. Plaintiff, who is confined at the Clinton Facility, has also filed an *in forma pauperis* application, an inmate authorization form, and motions for injunctive relief and appointment of counsel. Docket Nos. 2-5.

The claims set forth in Plaintiff's Complaint begin in 1995, and continue through 2005.[1] Plaintiff's claims that contain a date, and fall within the applicable statute of limitations, are summarized as follows:

Plaintiff has been "denied treatment for HVC since 1995."[2]

---

[1] Plaintiff's Complaint was signed on September 19, 2005. Therefore, any claim based upon events occurring prior to September 19, 2002 is barred by the three year statute of limitations for claims brought pursuant to 42 U.S.C. §1983. *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995).

[2] Plaintiff provides no other details regarding this allegation, including that HVC is or what treatment is at issue. However, the Court is aware that this allegation is the basis for action 9:04-CV-0799 (DNH/DEP). This allegation, relating to HVC treatment, is being litigated in that action, and will <u>not</u> be re-litigated in this action. Defendants Lee, Annucci, Goord, Roy, Wright, O'Connell, Gordon, Miller, J. Lareau and Lucia are also Defendants in 9:04-CV-0799.

On September 22, 2002 Defendant Lareau subjected Plaintiff to a urinalysis drug screen which Plaintiff alleges was in retaliation for his having filed an unspecified grievance.

On October 24, 2002 Defendant Lareau was assigned to be the escort officer to escort Plaintiff to an outside consultation with a urologist. Lareau violated Plaintiff's right to doctor-patient confidentiality by remaining in the exam room.

On January 26, 2004 a staff member signed for certified mail, directed to Defendants Goord, Annucci, Roy, and Jarvis, which Plaintiff claims denied him meaningful access to the Courts in another, unspecified, action.

On February 11, 2004 Sally Harvey, an employee at the Champlain Valley Hospital's Radiology Department, failed to timely remove an IV from Plaintiff's arm.

On March 18, 2004 Defendant Menard denied Plaintiff legal work and hearing aids, and did so again on December 12, 2004.

On March 18, 2004 Dr. Lieb prescribed certain medications during an outside consultation. Defendants Miller, Lee and Deazevedo, DOCS physicians, did not follow Dr. Lieb's treatment recommendation.

On April 5, 2004 Defendant Artus denied legal advances to pay for mailing that Plaintiff alleges he intended to use to serve defendants in other cases, thereby interfering with Plaintiff's access to courts.

On April 13, 2004, defenant Miller refused to treat plaintiff's arm pain caused by the events of February 11, 2004.

In June 2004, Defendant Artus refused to permit another inmate to serve process for Plaintiff.

On October 2, 2004 Defendant Uno lied to the New York State Court of Claims when he told them Plaintiff did not need a hearing aid for the hearing before that Court.

On January 10, 2005 Defendant Miller seized all hearing aid sets that Plaintiff has previously grieved as having been defective. Plaintiff alleges the seizure was in retaliation for the grievance.

On April 18, 2005 and on June 6, 2005 Defendant Champagne refused a legal mail package from the Innocence Project thereby denying Plaintiff access to the courts.

On August 29, 2005 Defendants Miller, Lee, and Deazevedo refused to reveal an EKG result.

On September 7, 2005 Defendant John Doe returned legal mail to the Prisoner Assistance

Center.

On September 12, 2005 Plaintiff was denied "a licensed barber-manager from PA, from programming unlawfully discriminating."

Docket No. 1.

## II.     Application to proceed *in forma pauperis*.

Consideration of whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis* is a two-step process.  First, the Court must determine whether the plaintiff may proceed with the action without prepaying, in full, the filing fee.  The Court must then consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).

In the present case, the Court has determined that McFadden's financial status would qualify him to file or "commence" this action without prepaying in full the filing fee due herein.  However, 28 U.S.C. § 1915(g), as amended, also provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Thus, the Court has a responsibility to determine that a plaintiff has not brought actions, on three or more occasions, which have been dismissed as frivolous, malicious or for failure to state a claim before permitting that plaintiff to proceed with an action *in forma pauperis*.  *Id*.

A review of the Court's docket reveals that on several prior occasions, actions filed by

McFadden in the Southern District have been dismissed pursuant to 28 U.S.C. § 1915.[3]  See *McFadden v. Gribetz*, No. 95 Civ. 4312 (S.D.N.Y. June 9, 1995); *McFadden v. Kralik*, No. 95 Civ. 4320 (S.D.N.Y. June 9, 1995); *McFadden v. Coombe*, No. 96 Civ. 8482 (S.D.N.Y. Nov. 16, 1996); *McFadden v. Orangetown Police Dep't*, No. 96 Civ. 8767 (S.D.N.Y. Nov. 21, 1996); *McFadden v. Kuhlmann*, No. 97 Civ. 0523 (S.D.N.Y. Jan. 24, 1997); *McFadden v. Kralik*, No. 97 Civ. 1244 (S.D.N.Y. Feb. 21, 1997).[4]  On each occasion Plaintiff was advised that his claims were deemed frivolous by the Court, and dismissed pursuant to 28 U.S.C. §1915.  On each occasion Plaintiff was advised of the consequences of such dismissals.  Further, a review of the allegations in the Complaint, as summarized above, reveals that Plaintiff has not alleged that he is in imminent danger of serious physical injury.  Thus, because McFadden (a) has brought actions on three occasions which have been dismissed pursuant to 28 U.S. C. §1915(e)(2), and (b) does not allege in the present Complaint that he is in imminent danger of serious physical injury, Plaintiff cannot proceed with this action *in forma pauperis* under 28 U.S.C. § 1915(g), and his application is denied.

## II.    The Complaint.

The Court has also reviewed the sufficiency of the Complaint filed in this action.  Plaintiff brought this action pursuant to 42 U.S.C. §1983.  Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983))

---

[3] Actions dismissed before the enactment of the PLRA, either as frivolous or for failure to state a claim, count toward the calculation of the three dismissals.  *McFadden v. Parpan*, 16 F. Supp. 246, 247 (E.D.N.Y. 1998); *Keener v. Pennsylvania Bd. Of Probation & Parole*, 128 F.3d 143, 144 (3d Cir. 1997); *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

[4] *See McFadden v. Parpan*, 16 F.Supp.2d at 247.

(footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted).

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983.' " *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994) (quoting *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir.1991)). Further, a prison official does not become personally involved in an alleged constitutional violation by merely receiving or forwarding a letter from a prisoner for investigation. *Davidson v. Talbot*, 2005 WL 928620, *7 (N.D.N.Y. 2005)(Treece, M.J.); *Lewis v. Berg*, 2005 WL 928617, *4 (N.D.N.Y. 2005) (DiBianco, M.J.). A review of McFadden's complaint reveals that he has named twenty four Defendants. However, a review of those claims falling with in the applicable statute of limitations, as summarized above, reveals that McFadden's Complaint does not contain allegations of wrongful conduct as to all of these Defendants.

Since McFadden's Complaint does not comply with the requirements of Federal Rules, McFadden is advised that unless he files an Amended Complaint **within thirty (30) days** from the date of the filing of this Order, this action will be dismissed. Any Amended Complaint, **which shall supersede and replace in its entirety the previous Complaint filed by McFadden**, must contain a caption that clearly identifies, by name, each individual that McFadden is suing in the present lawsuit and must bear the case number assigned to this action. The body of McFadden's Amended Complaint must contain sequentially numbered paragraphs containing **only one act of misconduct per paragraph**. Thus, if McFadden claims that his civil and/or constitutional rights were violated by more than one Defendant or on more than one occasion, he shall include a corresponding number of

paragraphs in his Amended Complaint for each allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and McFadden's civil and/or constitutional rights.

McFadden's Amended Complaint shall also assert claims against each and every Defendant named, and shall be filed with the Court **within thirty (30) days** from the date of the filing of this Order.  **Any Defendants not named in the Amended Complaint shall not be Defendants in this action.**  McFadden is further cautioned that no portion of any prior Complaint shall be incorporated into his Amended Complaint by reference.  McFadden shall submit only one Amended Complaint in accordance with the terms of this Order.  Therefore, McFadden shall state in the single Amended Complaint, filed in accordance with the terms of this Order, all legally viable claims that he wishes this Court to consider as a basis for awarding McFadden relief; his failure to file such a pleading will result in dismissal of this action without further order of the Court.

**III.   Injunctive Relief**.

Turning to Plaintiff's Motion for Injunctive Relief, the standard a Court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit.  As the Second Circuit noted in *Covino v. Patrissi*, 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.  *Id*. at 77 (affirming district Court's denial of inmate's request for preliminary injunction); *see also Roucchio v. LeFevre*, 850 F.Supp. 143, 144 (N.D.N.Y. 1994)

(McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

Herein, the Court has found that the pleading filed by Plaintiff is insufficient, and that an amended pleading must be filed for this action to proceed. Without a valid Complaint, McFadden can not possibly establish that his claim has a likelihood of success on the merits of the claim or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. Therefore, the Court denies Plaintiff's Motion for Injunctive Relief without prejudice to file a new motion after McFadden has filed an Amended Complaint herein.

**IV.    Motion for Appointment of Counsel.**

In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).

However, prior to evaluating a request for appointment of counsel, a party must first demonstrate that he is unable to obtain counsel through the private sector or public interest firms. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 173-74 (2d Cir. 1989) (quoting *Hodge*, 802 F.2d at 61). Such a showing has not yet been made in the instant action, and this motion must be denied.

Accordingly, it is hereby

**ORDERED**, that leave to proceed or prosecute this action *in forma pauperis* (Dkt. No. 2) is

**DENIED** because McFadden has brought, on three or more occasions, actions which have been dismissed under 28 U.S.C. § 1915(g), and he has not alleged in this action that he is in imminent danger or serious physical injury, and it is further

**ORDERED**, that McFadden pay, **within thirty (30) days** of the filing date of this Order, the full filing fee of $250.00.  If McFadden fails to pay the full filing fee of $250.00 **within thirty (30) days** of the filing date of this Order, the Clerk shall enter judgment dismissing this action without further order of this Court due to McFadden's failure to comply with the terms of this Order and the requirements of the Federal Rules of Civil Procedure, and it is further

**ORDERED**, that McFadden file with this Court, **within thirty (30) days** from the date of the filing of this Order, an Amended Complaint which fully complies with Rules 8 and 10 of the Federal Rules of Civil Procedure and the terms of this Order as stated above; and it is further

**ORDERED**, that if McFadden fails to file an Amended Complaint, **within thirty (30) days** from the date of the filing of this Order, the Clerk shall enter judgment dismissing this action without further order of this Court due to McFadden's failure to comply with the terms of this Order and the requirements of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that upon full compliance by McFadden with this Order, the file in this matter be returned to the Court for further review, and it is further

**ORDERED**, that any future action filed by McFadden shall comply with the Local Rules of the Northern District of New York, and it is further

**ORDERED**, that McFadden's Motion for a Temporary Restraining Order (Dkt. No. 4) is **DENIED** without prejudice, and it is further

**ORDERED**, that McFadden's Motion for Appointment of Counsel (Dkt. No. 5) is **DENIED**

without prejudice.  Any future Motion for Appointment of Counsel must be accompanied by documentation that substantiates Plaintiff's efforts to retain counsel on his own, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on McFadden by regular mail.

**IT IS SO ORDERED.**

**It is hereby certified that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).**

Dated:   December 8, 2005

Norman A. Mordue
U.S. District Judge